## IN THE UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF ARKANSAS
## FAYETTEVILLE DIVISION

**DAWN DAVIS and**                                                          **PLAINTIFFS**
**DAND ANALYTICS, LLC**

**v.**                             **Case No. 5:26-CV-05088-DCF**

**CONSUMER SOLUTIONS WORLDWIDE, LTD.**, *et al.*          **DEFENDANTS**

### ORDER

Before the Court is Plaintiff's *Ex Parte* Motion for Alternative Service of Process (Doc. 8).  Upon due consideration, this Motion is GRANTED.

### I.      BACKGROUND

This a wrongful termination case filed in the United States District Court for the Western District of Arkansas based on diversity jurisdiction—Plaintiffs are from Arkansas and Defendants are from China and Indiana.  (Doc. 2, Complaint).  Plaintiffs filed their Complaint on April 23, 2026, with service due July 23, 2026.  (*See id.*).  A summons was issued to Defendants and returned to Plaintiffs for service on April 24, 2026.  (Doc. 7).  Plaintiffs filed the instant Motion and Brief in Support (Doc. 9) on May 1, 2026.  In it, they assert that Plaintiff Dawn Davis worked remotely for Defendant Consumer Solutions Worldwide, Ltd. (CSW) for about five years and communicated with her boss CSW CEO Kingsley Lo almost exclusively via email.  (*Id.*, pp. 4-5).  Davis most recently emailed Lo at his CSW address on January 11, 2026, which was prior

1

to this litigation but after the alleged wrongful termination. (*Id.* at 5). Plaintiffs assert that the continued pre-litigation correspondence between the parties confirms that Lo received Davis' January 11 email at his CSW address of record. Thus, according to Plaintiffs, Lo's CSW email address is an appropriate means by which they may apprise CSW of this litigation. The Court agrees.

## II.    LAW

Under Rule 4(f)(3), a method of service "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections" satisfies the dictates of due process. *Fraserside IP LLC v. Legyagin*, 280 F.R.D. 630, 631 (N.D. Iowa 2012) (citing *Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950)). Methods for service outside the United States include "other means not prohibited by international agreement, as the court orders." *Miller Manufacturing Company v. HerculesAG LLC*, No. 25-CV-113-JMB/DJF, 2026 WL 508993, at *1-*5 (D. Minn. Feb. 24, 2026) (quoting Fed. R. Civ. P. 4). This option is neither a last resort nor extraordinary relief; it is merely one means among several which enables service on international defendants. *See Fraserside*, 280 F.R.D. at 631. Alternative service under Rule 4(f) does not require exhaustion of other service methods. *Patrick's Rest., LLC v. Singh*, No. 18-CV-764-ECT/KMM, 2019 WL 121250, at *1 (D. Minn. Jan. 7, 2019).

While authorizing service by email is not traditional, it is not prohibited. *See Fraserside*, 280 F.R.D. at 631. An individual outside the United States may be served via "any internationally agreed means of service that is reasonably calculated to give notice, such as those authorized by the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents." *Lind v. Triton Canada Inc.*, No. 23-CV-698-PJS/LIB, 2025 WL 4236159, at *1-4, *3 (D. Minn. Feb. 25, 2025) (quoting Fed. R. Civ. P. 4(f)(1)). Article 10 of the Hague Convention authorizes the delivery of judicial documents through postal channels unless the state of destination objects. *See Miller*, No. 25-CV-113-JMB/DJF, 2026 WL 508993, at *2. In general, courts have not interpreted a country's objection to Article 10 as an objection to the delivery of judicial documents through email. *See id.* (citing *AMTO, LLC v. Bedford Asset Mgmt., LLC*, No. 14-CV-9913-KMK, 2015 WL 3457452, at *7 (S.D.N.Y. July 1, 2015) (collecting cases)).

## III.  DISCUSSION

This Court considers, first, whether Plaintiffs' request for email service violates an international agreement and, second, whether Plaintiffs have demonstrated that the person to be served would likely receive the Summons and Complaint at the given email address. *See Miller*, No. 25-CV-113-JMB/DJF, 2026 WL 508993, at *1-*2.

First, Plaintiffs' request does not violate the relevant international agreement here, the Hague Service Convention.  The Convention applies in all civil and commercial matters where there is occasion to transmit a judicial or extrajudicial document for service abroad.  Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters art. 1, Nov. 15, 1965, 20 U.S.T. 361.  CSW appears to be a private company that is based in, and has its principal place of business in Hong Kong, a special administrative region of the People's Republic of China.  (*See* Doc. 2, p. 1).

According to the Hague Convention of Private International Law, when the Government of the United Kingdom restored Hong Kong to the People's Republic of China in 1997, China declared that the international rights and obligations of the Convention would continue to apply to Hong Kong.[1]  Thus, service to Hong Kong from the United States is governed by the Hague Service Convention, which authorizes delivery of judicial documents through email.  *See Miller*, No. 25-CV-113-JMB/DJF, 2026 WL 508993, at *2.  As such, Plaintiffs' request for email service does not violate an international agreement.

Second, Plaintiffs have demonstrated that the person to be served would likely receive service at the given email address.  Plaintiffs seek to serve process on CSW using the email address of its CEO Kingsley Lo and offers evidence to

---

[1] DECLARATION/RESERVATION/NOTIFICATION, HAGUE CONF. PRIVATE INT'L L. (1951-2026), https://www.hcch.net/en/instruments/conventions/status-table/notifications/?csid=918&disp=resdn.

4

support their contention that Lo regularly monitors the given email address. Plaintiffs submitted documentation of email correspondence with Lo at the given address in 2020 and 2022. (Doc. 2-1). They assert that correspondence continued at this address after the alleged wrongful termination. (Doc. 9, p. 5).

More recently, on January 11, 2026, Plaintiff emailed Lo at the given address and, in response, CSW retained counsel to respond to pre-litigation correspondence. (*Id.*). Plaintiff asserts that Lo sent and received emails through the given address during the months leading up to the initiation of this suit on April 24, 2026. (*Id.*). There is nothing to suggest that Plaintiff has been notified that the given address is inactive. This satisfies the Court that serving CSW at Lo's email address will likely inform CSW of this lawsuit.

## IV.   CONCLUSION

For all these reasons, Plaintiff's Motion for Alternative Service is **GRANTED**, and, accordingly, Plaintiffs may serve process on Defendant CSW by emailing its CEO Kingsley Lo at kingsley@csw.com.hk.

**IT IS SO ORDERED** this 10th day of August 2026.

*/s/ David Clay Fowlkes*

DAVID CLAY FOWLKES
UNITED STATES DISTRICT JUDGE

5